**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTOPHER RHODES,**

       **Plaintiff,**

v.                                                 **Case No: 6:20-cv-927-PGB-EJK**

**EMBRY-RIDDLE
AERONAUTICAL UNIVERSITY,
INC.,**

       **Defendant.**
_____/

## ORDER

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 61 (the "**Motion**")). Plaintiff has responded in opposition. (Doc. 65). Plaintiff has submitted two notices of supplemental authority. (Docs. 67, 70). Additionally, upon Plaintiff filing a Notice of Constitutional Challenge, the Court certified the question to the Attorney General of the State of Florida and the appropriate 60-day period has now passed without the Attorney General intervening in the instant action. (Docs. 68, 69). Upon consideration, the Motion is due to be denied.

Plaintiff originally filed the Class Action Complaint against Defendant alleging breach of contract, breach of a quasi-contract, unjust enrichment, and conversion. (Doc. 1). Defendant then filed its first motion to dismiss arguing for dismissal of the Complaint because: Florida's academic deference doctrine gives

wide latitude for a university's academic decisions; an educational malpractice claim is non-actionable; and Plaintiff failed to state claims for breach of contract, breach of quasi-contract, unjust enrichment, and conversion. (Doc. 26). In response, Plaintiff filed an Amended Complaint that only included counts for breach of contract and unjust enrichment. (Doc. 32). The Court then denied the first motion to dismiss as moot given the filing of the Amended Complaint. (Doc. 38).

Following the denial of the first motion to dismiss, Defendant filed a second motion to dismiss arguing for dismissal on the same grounds as those asserted in the first motion to dismiss. (Doc. 37). Upon review, the Court denied the second motion to dismiss holding that the academic deference doctrine does not give universities unbound discretion to avoid contractual duties, the breach of contract claim does not equate to an educational malpractice claim, and Plaintiff had properly pled claims for breach of contract and unjust enrichment. (Doc. 49). After the denial of its second motion to dismiss, Defendant filed its Answer asserting thirty-four different affirmative defenses. (Doc. 50). Now, before the Court is Defendant's third motion to dismiss arguing that Plaintiff's Complaint should be dismissed for failure to state a claim because of the recently passed Florida statute providing immunity for educational institutions for actions related to the COVID-19 pandemic, an argument not raised in Defendant's prior motions to dismiss or asserted in Defendant's Answer. (Doc. 61).

A motion to dismiss for failure to state a claim after the filing of an answer is treated as a motion for judgment on the pleadings. 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.38 (3d ed. 2021). Further, a Court may normally construe an improperly filed "Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)" without the need for repleader. *Whitehurst v. Wal-Mart Stores E., L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008) (per curiam).[1] However, Defendant's Motion is not merely asserting that Plaintiff failed to state a claim,[2] but instead is asking the Court to evaluate the sufficiency of an affirmative defense—whether Defendant is immune from this action based on Florida Statute § 768.39—and grant judgment as a matter of law. Therefore, for the issue to be properly presented to the Court, Defendant's Answer should be amended to include the affirmative defense of immunity, and the parties should brief the Court on the issue using the proper standard of review for a motion for judgment on the pleadings. *See Byrne v. Nezhat*, 261 F.3d 1075, 1096 n.46 (11th Cir. 2001), *abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151–52 (11th Cir. 2011) ("[Defendant] had answered the amended complaint and had included therein the affirmative defense of failure to state a claim for relief. If [Defendant] wished the court to pass on the sufficiency of that

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[2] The Court also notes that this would be Defendant's third motion to dismiss for failure to state a claim, and the Court has already denied the first motion to dismiss as moot and denied the second motion to dismiss on the merits. (Docs. 37, 41, 49).

affirmative defense, it should have moved the district court for a judgment on the pleadings.").

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss (Doc. 61) is **DENIED**.

2. Defendant may amend its Answer within seven (7) days of this Order to include the affirmative defense of immunity based on Florida Statute § 768.39.

3. Defendant may then properly file a Motion for Judgment on the Pleadings within seven (7) days of filing its Amended Answer.

**DONE AND ORDERED** in Orlando, Florida on March 1, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties